CHIEF JUSTICE HARDIN
delivered the opinion op the court.
The .Lebanon and Raywick Turnpike Road Company was incorporated in March, 1869, “for the purpose of constructing a gravel or macadamized road from Lebanon, commencing at or near John Shuck’s lane, to Raywick, in Marion County (2 Sess. Acts 1869, p. 226); the beginning point, thus somewhat indefinitely indicated, being on the turnpike road leading from Lebanon to Newmarket, and but a short distance from the residence of said Shuck.
A company, being organized and assuming to act under that charter, proceeded to construct a turnpike road, not, how *169 ever, commencing at or very near to the lane mentioned, but at a point one hundred and thirty-one poles distant from it, running for some distance laterally, and at one place upon the bed of a road which had been long established and used as a public highway for travel between the towns of Lebanon and Raywick, and known as the Belle Lane Road; but it does not appear that the road so commenced, and which was partly finished for a distance of about four miles, was made to terminate at Raywick, which is on the same side of the Rolling Fork as the beginning point; but after intersecting a public road leading from St. Mary’s to Newmarket, within less than one mile of the old road, the turnpike was continued in a different direction from Raywick, and made to terminate at a point about three miles from it, and on the opposite side of the river.
Before but in anticipation of the completion of the road, at least to the St. Mary’s and Newmarket road — a distance of about three miles — this proceeding was commenced by the corporation by a motion in the county court for a discontinuance of the old road for the entire distance between the Lebanon and Newmarket turnpike and its intersection with the St. Mary’s and Newmarket road, under section 28 of chapter 103 of the Revised Statutes, which provides that “ no lateral road shall be opened to and from the same places now connected by any turnpike or plank-road, or which may be hereafter so connected, so as to run within one mile .of such road; and any such lateral road now in use, or which may hereafter be in use, shall by order of the county court be shut up and closed.”
The appellant Shuck, who, it appears, was the owner of land bounded in part by the old road and the attorney for the county, resisted the motion in the county court, and the appellant did also, upon an appeal in the circuit court, on several grounds; the principal and, as we think, the most important of which being, first, an alleged failure of the plaintiff to *170 take the preliminary steps in proper manner, as required by article 1 of chapter 84 of the Revised Statutes, relative to the opening and discontinuance of roads; and second, that, although the old and new roads ran within less than one mile from each other between the two other roads indicated, they were not, within the meaning of the statutes, lateral roads running between and connecting “the same places.”
The circuit court having affirmed the judgment of the county court ordering the discontinuance of the old road, to take effect upon the opening of the turnpike for use, Shuck prosecuted this appeal for a reversal of that decision.
The preparation of the case in the county court shows an attempted compliance with the general road law by the appointment and report of viewers; and if that was necessary or essential to the order of discontinuance in this case, we are satisfied the report is so defective that the action of the county court could not be sustained..
But waiving this, and admitting that in a case like this the statute is imperative in requiring the old or lateral road to be discontinued if it and the turnpike connect the same places or terminal points, as was in effect held by this court in the case of the Campbell Turnpike Co. v. Dye, &c. (18 B. Mon. 761), yet as in this case it is apparent that the two roads have not and may never have, in the direction of Raywick, any common terminus or place of connection, so that one of them may reasonably subserve the purposes of the other, we are of the opinion that the order of discontinuance was not authorized under the statute, and the judgment of the circuit court affirming the order of the county court was therefore erroneous.
Wherefore the judgment is reversed, and the cause remanded with directions to render a judgment in conformity to this opinion.